SCHOTT, Judge.
Plaintiffs, Mahlon R. Mclllwain, his sub-rogated insurer United Services Automobile Association, and his landlord’s subro-gated insurer Republic Underwriters Insurance Company, have appealed from judgments dismissing their claims for damages resulting from a fire which occurred on July 14, 1972, in Mclllwain’s apartment at 4719 West Metairie Avenue in Metairie, Louisiana. Among that apartment’s furnishings were certain kitchen appliances, including an electric range, a refrigerator-freezer, a dishwasher, and a toaster oven manufactured by defendant General Electric Company. Plaintiffs assert that this latter appliance was defective and caused the fire.
The fire occurred in the morning after Mclllwain and his wife had left for work and while the apartment was unoccupied. Soon after arriving at his office, Mc-lllwain received a telephone call informing him that a fire had occurred. It was soon extinguished by the local fire department. The damage was concentrated in the kitchen where, according to expert testimony at the trial on the merits, the fire originated.
In dismissing plaintiffs’ claim the trial judge said: “The court cannot conclude, from the testimony, that the sued-on General Electric product caused or contributed to the fire.” The sole issue on appeal is whether the evidence compels a different conclusion.
Plaintiffs at first rely on the doctrine of res ipsa loquitur to establish defendant’s liability. For that doctrine to apply plaintiffs must establish by a preponderance of the evidence that defendant’s negligence was the cause of the harm suffered. It may not be applied unless circumstances reasonably exclude every other cause of the accident except those attributable to defendant’s negligence. Lutheran Church of the Good Shepherd v. Canfield, 233 So.2d 331 (La.App. 1st Cir. 1970).
While plaintiffs produced evidence that the toaster oven was defective and caused the fire other evidence tended to show that the fire originated in a Gibson refrigerator-freezer or in an outlet box or in certain electric wires. Since these other causes were not reasonably excluded the doctrine of res ipso loquitur is inapplicable.
Plaintiffs alternatively contend that they proved the presence of the defect and causation by a preponderance of the evidence so as to warrant a reversal of the trial court. We disagree.
There was a hopeless conflict in the testimony of several expert witnesses as to whether or not the appliance demonstrated a defect in its solenoid in tests made after the fire, whether or not the appliance could conceivably generate enough exterior heat to ignite a fire, whether the fire started from inside or outside of the appliance *738 or if it started inside of the Gibson refrigerator-freezer. The trial judge may have justifiably regarded plaintiffs’ theory as sheer speculation in the light of these conflicts.
Another shortcoming in plaintiffs’ case stems from the following requirements recently reiterated in Federal Insurance Company v. Cinnater, 305 So.2d 720 (La.App. 4th Cir. 1974):
“However, the plaintiff claiming injury has the burden of proving that the product was defective, i.e., unreasonably dangerous to normal use, and that the plaintiff’s injuries were caused by reason of the defect.”
Even assuming that the fire originated inside of the appliance there is no evidence that the fire was a sequel to the appliance’s normal use. Quite to the contrary; the Mclllwains had not intentionally operated the appliance since two days previous to the fire and the most believable theory as to how the appliance’s on button or switch was depressed was that one of the Mc-lllwains inadvertently put a teakettle on the switch, keeping its door closed, not later than the night before the fire with the result that the machine had been heating up and perhaps burning out some of its own parts for hours before they left the premises on the morning of the fire. This can hardly be classified as a “normal use” of the appliance which is a necessary element in the proof that it was defective. We hasten to add that one of defendant’s experts reasonably supported a firm opinion that no matter how long the appliance was left on it physically could not generate the heat required to ignite this fire.
Finding no error in the trial court’s conclusion, we affirm the judgments appealed from at plaintiffs’ costs.
AFFIRMED.